MAS-20030912             **Commonwealth of Massachusetts**           04/29/2004
obrient                      **BERKSHIRE SUPERIOR COURT**           0:14 PM
Case Summary
Civil Docket

## BECV2004-00095
## Deep v City of North Adams et al

| File Date | 03/30/2004 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 04/26/2004 | Session | A - Civil A - CtRm 1 |
| Origin | 1 | Case Type | C02 - Zoning appeal (40A) |
| Lead Case | | Track | F |

| Service | 04/20/2004 | Answer | | Rule12/19/20 | 08/27/2004 |
|---|---|---|---|---|---|
| Rule 15 | 08/27/2004 | Discovery | 01/24/2005 | Rule 56 | 02/23/2005 |
| Final PTC | 03/25/2005 | Disposition | 05/24/2005 | Jury Trial | Unknown |

### PARTIES

**Plaintiff**
Michael A. Deep
Active 03/30/2004

**Private Counsel 496680**
Fred T Thompson
66 Summer Street
PO Box 1071
North Adams, MA 02147
Phone: 413-664-9002
Fax: 413-663-7281
Active 03/30/2004 Notify

**Defendant**
City of North Adams
Service pending 03/30/2004

**Defendant**
Mayor John Barrett
Service pending 03/30/2004

**Defendant**
North Adams Planning Board
Service pending 03/30/2004

**Commonwealth of Massachusetts**
BERKSHIRE SUPERIOR COURT
Case Summary
Civil Docket

# BECV2004-00095
## Deep v City of North Adams et al

**Defendant**
Michael Leary
Service pending 03/30/2004

**Defendant**
Paul Hopkins
Service pending 03/30/2004

**Defendant**
William Schrade
Service pending 03/30/2004

**Defendant**
Joseph Gniadek
Service pending 03/30/2004

**Defendant**
Paul Senecal
Service pending 03/30/2004

**Defendant**
David Babcock
Service pending 03/30/2004

MAS-20030912           **Commonwealth of Massachusetts**        04/29/2004
obrient                        **BERKSHIRE SUPERIOR COURT**         01:14 PM
                              Case Summary
                               Civil Docket

## BECV2004-00095
### Deep v City of North Adams et al

**Defendant**
Edna Rudnick
Service pending 03/30/2004

**Defendant**
Kyle Hanlon
Service pending 03/30/2004

**Defendant**
Wayne Wilkinson
Service pending 03/30/2004

**Alias defendant name**
as Members of the North Adams Planning Board
Active 03/30/2004

**Defendant**
Katherine Eade, Administrative Officer of the City of North Adams
Service pending 03/30/2004

| Date | Paper | Text |
|---|---|---|
| 03/30/2004 | 1.0 | Appeal from [code:general:town] Zoning Board filed |
| 03/30/2004 | | Origin 1, Type C02, Track F. |
| 04/20/2004 | 2.0 | Notice of Filing of Notice of Removal with the United States District Court by Defendants' Attorney Nancy Frankel Pelletier, filed. |
| 04/20/2004 | 3.0 | Notice of Removal to United States District Court with Certificate of Service, filed. |
| 04/26/2004 | | Certified copies of pleadings mailed to Untied States District Court |

case01 202902 y y y y y

MAS-20030912  
obrient

**Commonwealth of Massachusetts**  
**BERKSHIRE SUPERIOR COURT**  
Case Summary  
Civil Docket

04/29/2004  
01:14 PM

### BECV2004-00095
### Deep v City of North Adams et al

| Date | Paper | Text |
|------|-------|------|
|      |       | with reciept. |

**EVENTS**

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-095 | Trial Court of Massachusetts Superior Court Department County: Berkshire |
|---|---|---|

| PLAINTIFF(S) Michael A. Deep | DEFENDANT(S) City of North Adams; Mayor John Barrett; North Adams Planning Board Members |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 413-664-9002 Fred T. Thompson 66 SUmmer St., N. Adams, MA 01247 Board of Bar Overseers number: 496680 | ATTORNEY (if known) THE COMMONWEALTH OF MASSACHUSETTS BERKSHIRE, S.S. SUPERIOR COURT FILED MAR 30 2004 [signature] |

Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C02 | Zoning Appeal MGL 40A & related Matters | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................... $
  2. Total Doctor expenses .................................... $
  3. Total chiropractic expenses .............................. $
  4. Total physical therapy expenses .......................... $
  5. Total other expenses (describe) .......................... $
     Subtotal $
B. Documented lost wages and compensation to date ............. $
C. Documented property damages to date ........................ $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ........................... $
F. Other documented items of damages (describe)
     $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

     $
     TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

  Damages to be determined.

  TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    None

A True Copy
Attest: [signature]
Clerk

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature]    DATE: 3-29-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

BERKSHIRE, ss.                              SUPERIOR COURT DEPARTMENT
                                            PITTSFIELD DIVISION
                                            Docket No. 04-095

---

MICHAEL A. DEEP,
            Plaintiff,

v.                                          **VERIFIED COMPLAINT**

CITY OF NORTH ADAMS; JOHN BARRETT,
MAYOR; NORTH ADAMS PLANNING
BOARD; MICHAEL LEARY,
PAUL HOPKINS, WILLIAM SCHRADE,
JOSEPH GNIADEK, PAUL SENECAL,
DAVID BABCOCK, EDNA RUDNICK,
KYLE HANLON and WAYNE WILKINSON as
Members of the NORTH ADAMS PLANNING
BOARD, and KATHERINE EADE, ADMINISTRATIVE
OFFICER of the CITY OF NORTH ADAMS.
            Defendants.

*[Stamp: THE COMMONWEALTH OF MASSACHUSETTS BERKSHIRE, S.S. SUPERIOR COURT FILED MAR 30 2004]*

---

### Jurisdiction

This action is brought pursuant to M.G.L. Chapter 231A section 1, et. seq. and M.G.L. 40A section 17.

### Parties

1. The Plaintiff Michael Deep ("Deep") is an individual natural person, with an address of 1 Post Office Square, North Adams, MA 01247.

2. The Defendant City of North Adams ("North Adams") is a public employer and municipal corporation pursuant to M.G.L. chapter 258, and having a principal place of

business at City Hall, North Adams, MA 01247.

3. Michael Leary ("Leary"), Paul Hopkins ("Hopkins"), William Schrade ("Schrade"), Joseph Gniadek ("Gniadek"), Paul Senecal ("Senecal"), David Babcock ("Babcock"), Edna Rudnick ("Rudnick"), Kyle Hanlon ("Hanlon") and Wayne Wilkinson ("Wilkinson") are all individuals who, at all times relevant hereto were the members of the City of North Adams Planning Board, having an address and place of business at City Hall, North Adams, MA 01247.

4. Katherine Eade ("Eade") is an individual who, at the times relevant hereto, was Administrative Officer for the City of North Adams, and having an address and place of business at City Hall, North Adams, MA 01247.

## Facts

5. Deep is the owner in fee of lots numbered 148, 149 and 150 as recorded in the Northern Berkshire Registry of Deeds in Book 699, Page 511, having purchased the property in 1980.

6. In 1982, Deep sold a portion of the property fronting on Chantilly Avenue in North Adams, retaining a building lot fronting on Bonair Avenue for future development. ("Bonair Avenue Lot").

7. Deep met with North Adams Building Inspector Vincent Lively ("Lively") on May 15, 2003, to learn the requirements for obtaining a building permit. The Building Inspector requested plans of the proposed home.

8. On May 19, 2003, Deep gave Lively a copy of the plans for the home. Lively informed Deep that he would require a stamp and approval letter by a licensed Massachusetts

State Registered Professional Engineer prior to the issuance of a building permit.

9. On May 26, 2003, Lively informed Deep that he would also have to satisfy the requirements of Leo Senecal, Road Crew Foreman for North Adams, ("Senecal") and build an extension of Bonair Avenue seventy five feet (75') long and, further, would require a Conservation Commission determination as to whether the site was a wetland.

10. On June 4, 2003, Deep met with Laura Cece and Paul Gigliotti of the North Adams Conservation Commission at the site. Mr. Gigliotti ruled that although the site has an intermittent stream nearby, no meeting of the Commission would be required for building on the site.

11. Also on June 4, 2003, Lively went to inspect the actual home to be placed on the site.

12. On June 5, 2003, Deep provided Lively with a letter from SK Design Group, Inc., a licensed Massachusetts State Registered Professional Engineer certifying compliance with the state building codes, as previously requested.

13. On June 9, 2003, Lively requested a further letter from SK Design Group, Inc. along with a site plan and a foundation plan.

14. On June 13, 2003, Deep met with Senecal to view the site. Senecal stated he required details from Deep's engineer regarding specifics of the gravel roadbed, that it must meet all North Adams requirements and standards and must be a seventy five foot (75') extension of Bonair Avenue.

15. Deep provided the foregoing information to Senecal. On June 27, 2003, Senecal referred Deep to the Administrative Officer Katherine Eade.

16. It was at this time, on June 27, 2003, that Deep was informed that this was a

matter for the Planning Board, a piece of information not previously provided to Deep by any official or agent of North Adams.

17. Deep met with Eade on July 1, 2003, at this time she represented to Deep that compliance with the requirements previously recited by the Building Inspector and the Road Crew Foreman would lead to issuance of a building permit after hearing before the Planning Board of North Adams. Eade indicated she would "get back" to Deep.

18. On July 2, 2003, Deep provided Lively with the foundation plan he requested, designed for the Bonair Avenue Lot and drawn by Superior Walls of the Hudson Valley, Inc.

19. On July 8, 2003, a telephone call from Deep to Eade resulted in a response from Eade to "stop bothering her".

20. On July 10, 2003, Lively informed Deep that no building permit would issue as the Mayor did not want homes built on the Bonair Avenue Lot. Lively did specify that Deep could build if he built a new road of over one thousand feet (1,000').

21. On July 14, 2003, Eade informed Deep that she was obtaining an opinion from the City Solicitor as to the legality of building on the Bonair Avenue Lot and promising a response.

22. Repeated phone calls and contacts with Eade and the City Solicitor between July 14, 2003, and August 11, 2003, resulted in no further information or response from the City of North Adams.

23. On August 8, 2003, Deep sent out a building permit application for the Bonair Avenue Lot, submitting it to North Adams with payment of $378.00 by his check numbered 652. Said application is attached hereto and made a part hereof as Exhibit A.

24. On September 8, 2003, Deep appeared before the City of North Adams Planning

Board on case number SPPPA2003-22 special permit requested pursuant to a section 3D Site Plan Approval and subdivision control laws to construct a single family house on an unobstructed public way. The Planning Board meeting was postponed by the City to October 6, 2003, alleging Deep's application was incomplete, although it contained everything previously requested.

25. On October 6, 2003, the North Adams Planning Board again postponed the hearing, this time to November 3, 2003. The Planning Board represented that it needed an opinion as to who owned the "land constituting frontage on Bonair Avenue". An opinion was requested *from Deep's attorney* as to whether the City could issue a building permit. Eade made the representations to the Planning Board regarding frontage and ownership. Eade also stated that no action could be taken by the Board until *she* had an opinion from the city solicitor.

26. On October 7, 2003, Deep spoke with Eade and was informed that no person had ever had to prove that the City owned a street to the best of her knowledge, but that was going to be the requirement of obtaining a building permit in this case.

27. On October 23, 2003, Deep's attorney wrote an opinion, attached hereto and made a part hereof as Exhibit B, stating that the City of North Adams owns Bonair Avenue and has authority to grant a building permit.

28. On November 3, 2003, the Planning Board opened a hearing on Deep's application. Having complied with all requirements, and based on Eade's representations, Deep expected formal approval. Instead, Eade stated that an additional title search was required and that she still required the city solicitor's opinion. Deep withdrew his application without prejudice.

29. On January 5, 2004, Deep delivered to Eade a title search completed by another experienced title examiner, contracted and paid for by Deep. Deep requested a hearing at the next scheduled meeting of the Planning Board on January 12, 2003.

30. On January 22, 2004, not having been placed on the January agenda, Deep was informed that he could not be placed on the February Agenda as Eade was still waiting for the city solicitor's opinion.

31. On January 24, 2004, Deep delivered to the Clerk of the City of North Adams and to Eade an eighty-eight page special permit application for site plan approval (which included all previously requested documents and materials). Said application is attached hereto and made a part hereof as Exhibit C.

32. Eade then requested a *professionally designed* site plan showing the distance of the home from each abutter. Eade represented to Deep that this was a final requirement.

33. Deep submitted a *professionally designed* site plan showing the requested information to Eade on February 9, 2004. This document is included in Exhibit C above.

34. On March 8, 2004, the date set for hearing, Deep spoke to Eade and asked if anything further was going to be needed. Eade represented that she had no idea how the Planning Board felt. It later appeared that she had already created a written decision to deny the application.

35. On that same date, March 8, 2004, Deep appeared for a new Planning Board hearing, this time as case number SP2004-04.

36. North Adams' Public Notice of this matter read as follows "Special permit requested pursuant to section 3D Site Plan Approval and the Subdivision Control law to construct a single-family house on an "*unconstructed public way.*" [Emphasis added].

37. At the hearing of this date, the title search and supporting documentation was not referred to by the Planning Board, nor was there any submission or opinion from the city solicitor. Eade stated she was still waiting for said opinion.

38. Section 3D.1 Site Plan Approval Appendix Zoning Ordinance of the Code of the City of North Adams reads "*Purpose.* For the purpose of assuring proper drainage, safety, administering provisions of this ordinance in regard to parking and loading areas, signs, screening and to assure adequate consideration for abutting land owners and to assure sensitive and appropriate treatment of historic properties and areas, a site plan shall be submitted for the following: (a) All new construction, **except for single- or two-family homes.**" [Emphasis added].

39. The City of North Adams Planning Board denied Deep's application and created Findings, which were filed on March 12, 2004. Said Findings are attached hereto and made a part hereof as Exhibit D.

40. Finding #1 did not address the fact that Deep was ordered to construct a 75-foot roadway as an extension of Bonair Avenue in writing by Senecal, Road Crew Superintendent and as required by the Building Inspector, Lively.

41. This roadway extension requirement was not applied to two other so-called "interior lot" applications, to wit: a Mr. David Emery of 80 Bryant Ave., or Mr. Peter Robare of 300 Versailles Avenue.

42. The denial of Deep's application is contrary to Defendant's past policy on extending streets and, in effect, has created a *new* restriction against extending city streets.

43. Finding #2 is incorrect in light of the fact that Bonair Avenue lot is part of a subdivision created and a plan filed with the Northern Berkshire Registry of Deeds and the

city of North Adams since 1904.

44. Finding #3 is erroneous in that there is frontage on a public way, a fact the City required Deep to prove several times over. This case was, and should have remained, a simple matter of a building permit.

45. Findings #4 and #5 are arbitrary, capricious and completely unsupported by any evidence. Deep would be required, in receiving a building permit, to follow all zoning ordinances, regulations and building specifications generally mandated by the City Building Code and the Building Inspector.

### COUNT ONE

(Declaratory Judgment and Injunctive Relief)

46. The Plaintiff realleges and incorporates paragraphs 1-44 herein as if more fully set forth.

47. North Adams has acted so arbitrarily and capriciously as to shock the conscience of ordinary people and this Court in its decision making process.

48. North Adams, and its agents individually and collectively, have acted in bad faith and with intent to injure Plaintiff.

49. Deep has more than satisfied the ordinary requirements for obtaining a single family building permit.

WHEREFORE, Plaintiff, Michael A. Deep, demands that this Court enter a Declaratory Judgment that a building permit should issue to Michael A. Deep for a single family home on the subject property. Further, Plaintiff demands that a permanent injunction be issued enjoining the City of North Adams from obstructing or further preventing Deep

from developing his property.

## COUNT TWO

(Equal Protection and Due Process Violations)

50. The Plaintiff realleges and incorporates paragraphs 1-47 herein as if more fully set forth.

51. The City of North Adams, its Planning Board, the individual members and the Administrative Officer of the City have treated Deep in a significantly different manner than others who have come before them seeking such permits.

52. There is no rational basis for requiring Deep to conform to vastly different standards or to withhold a building permit.

53. There is a lengthy and substantial history of malice and bad will by the Mayor of the City of North Adams, to whom Eade is directly responsible, and his/its agents and employees toward Deep. In this case North Adams and its agents, individually and collectively, have acted with malice and bad faith in all the matters alleged herein.

54. No legitimate interest of the City of North Adams is served by the differing treatment accorded Deep.

WHEREFORE, Plaintiff, Michael A. Deep requests that this Court find that his state and federal constitutional rights to equal protection and substantive and procedural due process pursuant to Amendment Four and Fourteen of the United States Constitution and Articles 1, 10, 12 and 14 of Part I of the Massachusetts Declaration of Rights have been violated and that a building permit issue to Deep forthwith. In addition, Deep requests that this Court award him attorney's fees and costs and any other relief it deems just and proper.

## COUNT THREE

(Violation of Civil Rights M.G.L. c. 12, sec. 11H, 11I)

55. The Plaintiff realleges and incorporates paragraphs 1-53 herein as if more fully set forth.

56. The Defendants, individually and collectively have deprived Plaintiff of his right to enjoy, use and develop his property.

57. The Defendants have accomplished such deprivation by their arbitrary and capricious decision making, and have taken their actions in bad faith.

58. The Defendants used economic coercion to attempt to deprive the Plaintiff of his right to use, enjoy and develop his property by "piling on" costly requirements not mandated by their previous procedures, regulations or requirements in other planning board or building permit matters.

WHEREFORE, Plaintiff demands damages in an amount to be determined, attorney's fees and costs and whatever further relief this Court deems just and proper.

## COUNT FOUR

(Violation of civil rights 19 U.S.C. sec. 1983)

59. The Plaintiff realleges and incorporates paragraphs 1-57 herein as if more fully set forth.

60. The Defendants have, in their official and collective capacity, acted in bad faith and arbitrarily and capriciously in depriving Plaintiff of the use and enjoyment of his property without due process of law and in violation of his right to equal protection of the laws of the United States and the Commonwealth of Massachusetts.

61. The Defendants have, in their official and collective capacity, deprived Plaintiff of the proceeds of developing his property with due process of law and in violation of his right to equal protection of the laws of the United States and the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff demands damages in an amount to be determined, attorney's fees and costs and whatever further relief this Court deems just and proper.

Respectfully submitted,

Michael A. Deep, Plaintiff

By: _____
His attorney
Fred T. Thompson, Esquire
66 Summer Street
P.O. Box 1071
North Adams, MA 01247
(413) 664-9002
BBO # 496680

Dated: 3/29/, 2004

### VERIFICATION

Michael A. Deep, being duly sworn, says that he is the Plaintiff in the above action; that he as read the foregoing Verified Complaint and knows the contents thereof; that he is acquainted with the facts alleged in the Verified Complaint and that the same is true to his own knowledge except as to those matters therein alleged on information and belief; and as to those matters he believes them to be true.

_____
Michael A. Deep

A True Copy
Attest: _____
Clerk

EXHIBIT A

# Deep Associates
# 1 Post Office Square
# North Adams, MA 01247
# 413-664-1053 phone
# 413-664-1057 fax

August 8, 2003

Mr. Vincent Lively
North Adams Building Inspector
10 Main Street
North Adams, MA 01247

Dear Mr. Lively,

    Enclosed is a building permit application dated 7/11/03 for a building lot I own on Bonair Avenue. Also enclosed is Berkshire Mountain Homes check number 652 in the amount of $378, which is the appropriate fee.

    As per your previous instruction, I have and am willing to follow the direction of Mr. Leo Senecal as to road construction, Ms. Katherine Eade as to legality of building site, Ms. Laura Cece and Mr. Paul Gigliotti as to Conservation Commission and yourself as to building specifications.

    You presently have in your possession the House plans. Included in this packet is the site plan and the foundation plan.

    Should you need any further information, please let me know. Thank you.

Sincerely,

Michael A. Deep

A True Copy
Attest: _Deborah Stapeless_
         Clerk

# City of North Adams
## Massachusetts 01247

BUILDING INSPECTOR
CITY HALL
Telephone (413) 662



**APPLICATION FOR PLAN EXAMINATION AND BUILDING PERMIT**

IMPORTANT — Applicant to complete all ___ is in sections I, II, III, IV, and V.

**I. LOCATION OF BUILDING**
- AT (Location): Bonair Ave (NO.) (STREET)
- West (SIDE OF STREET) — Watson St (NEAREST CROSS STREET)
- ZONING DISTRICT: ___
- SUBDIVISION OR DEED NO.: ___  LOT # 49,509  BLOCK ___  LOT SIZE 150 x 100 (-)

**II. TYPE AND COST OF BUILDING** — All applicants complete Parts A – D

**A. TYPE OF IMPROVEMENT**
1. [X] New building or structure
2. [ ] Addition (If residential, enter number of new housing units added, if any, in Part D, 13)
3. [ ] Alteration (See 2 above)
4. [ ] Repair, replacement
5. [ ] Wrecking (If multifamily residential, enter number of units in building in Part D, 13)
6. [ ] Moving (relocation)
7. [ ] Foundation only

**B. OWNERSHIP**
8. [X] Private (individual, corporation, nonprofit institution, etc.)
9. [ ] Public (Federal, State, or local government)

**D. PROPOSED USE** - For "Wrecking" most recent use

Residential
12. [X] One family
13. [ ] Two or more family - Enter number of units ___
14. [ ] Transient hotel, motel, or dormitory - Enter number of units ___
15. [ ] Garage
16. [ ] Swimming pool
17. [ ] Other - Specify ___

Nonresidential
18. [ ] Amusement, recreational
19. [ ] Church, other religious
20. [ ] Industrial
21. [ ] Parking garage
22. [ ] Service station, repair garage
23. [ ] Hospital, institutional
24. [ ] Office, bank, professional
25. [ ] Public utility
26. [ ] School, library, other educational
27. [ ] Stores, mercantile
28. [ ] Tanks, towers
29. [ ] Other - Specify ___

**C. COST** — Omit Cents
10. Cost of improvement: $40,000
   To be installed but not included in the above cost
   a. Electrical: 2,000
   b. Plumbing: 8,000
   c. Heating, air conditioning: 6,000
   d. Other (elevator, etc.): ___
11. TOTAL COST OF IMPROVEMENT: $56,000

NONRESIDENTIAL—Describe in detail proposed use of buildings e.g., food processing plant, machine shop, laundry building at hospital, elementary school, secondary school, college, parochial school, parking garage for department store, rental office building, office building at industrial plant. If use of existing building is being changed, enter proposed use.

**III. SELECTED CHARACTERISTICS OF BUILDING** — For new buildings and additions, complete Parts E — L; for wrecking, complete only Part J, for all others skip to IV.

**E. PRINCIPAL TYPE OF FRAME**
30. [ ] Masonry (wall bearing)
31. [X] Wood frame
32. [ ] Structural steel
33. [ ] Reinforced concrete
34. [ ] Other - Specify ___

**F. PRINCIPAL TYPE OF HEATING FUEL**
35. [X] Gas
36. [ ] Oil
37. [ ] Electricity
38. [ ] Coal
39. [ ] Other - Specify ___

**G. TYPE OF SEWAGE DISPOSAL**
40. [X] Public or private company
41. [ ] Private (septic tank, etc.)

**H. TYPE OF WATER SUPPLY**
42. [X] Public or private company
43. [ ] Private (well, cistern)

**I. TYPE OF MECHANICAL**
Will there be central air conditioning?
44. [X] Yes   45. [ ] No

Will there be an elevator
46. [ ] Yes   47. [X] No

**J. DIMENSIONS**
48. Number of stories: 1½
49. Total square feet of floor area, all floors, based on exterior dimensions: 936
50. Total land area, sq. ft.: 12,530

**K. NUMBER OF OFF-STREET PARKING SPACES**
51. Enclosed: 2
52. Outdoors: 4

**L. RESIDENTIAL BUILDINGS ONLY**
53. Number of bedrooms: 2
54. Number of bathrooms: Full 2 / Partial ___

| | Name | Mailing address - Number, street, city and State | ZIP code | Tel. No. |
|---|---|---|---|---|
| 1. Owner or Lessee | Michael A. Deep | 1 Post Office Square, North Adams, MA 01247 | 01247 | 413-664-1053 |
| 2. Contractor | Berkshire Mountain Homes, Inc | 1 Post Office Square, North Adams, MA 01247 | 01247 | 413-664-4813 |
| 3. Architect or Engineer | SK Design Group, Inc | 2 Federico Drive, Pittsfield, MA 01201 | 01201 | 413-443-3537 |

Signature of applicant: Michael A. Deep
Address: 1 P.O. Sq. N. Adams, MA
Application date: 7-11-03

I HEREBY ACKNOWLEDGE THAT I HAVE READ THIS APPLICATION AND STATE THAT THE ABOVE IS CORRECT AND AGREE TO COMPLY WITH ALL TOWN OR CITY BY-LAWS AND STATE LAWS REGULATING BUILDING CONSTRUCTION AND ZONING REGULATIONS.

PERMIT NO._____