## SUGGESTED AFFIDAVIT FOR HOME IMPROVEMENT CONTRACTOR PERMIT APPLICATION

*For Office Use Only*
Permit No._____
Date:_____

*City of North Adams, Massachusetts*

### AFFIDAVIT

#### Home Improvement Contractor Law
Supplement to Permit Application

MGL c142A requires that the "reconstruction, alteration, renovation, repair, modernization, conversion, improvement, removal, demolition, or construction of an addition to any pre-existing owner-occupied building containing at least one but not more than four dwelling units ---or to structures which are adjacent to such residence or buildings" be done by registered contractors, with certain exceptions, along with other requirements.

Type of Work: *New Construction*     Est. Cost. *56,000*

Address of Work:_____

Owner's Name: *Michael Deep*

Date of Permit Application: *7-11-03*

^^^^^^^^^

*I hereby certify that:*
Registration is not required for the following reason(s):

_____ Work excluded by law
_____ Job under $1,000.00
_____ Building no owner-occupied
__X__ Owner pulling own permit
_____ Other (specify)_____

*Notice is hereby given that:*
OWNERS PULLING THEIR OWN PERMIT OR DEALING WITH UNREGISTERED CONTRACTORS FOR APPLICABLE HOME IMPROVEMENT WORK DO NOT HAVE ACCESS TO THE ARBITRATION PROGRAM OR GUARANTY FUND UNDER MGL C 142A.

*SIGNED UNDER PENALTIES OF PERJURY:*
*I HEREBY APPLY FOR A PERMIT AS THE AGENT OF THE OWNER:*

*7-11-03*                *Berkshire MTN. Homes, Inc.*
DATE:                CONTRACTOR NAME                REGISTRATION NO:
OR:
Not withstanding the above notice, I hereby apply for a permit as the owner of the above property:

DATE: *7-11-03*    OWNER NAME *Michael A. Deep*

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents**
**Office of Investigations**
600 Washington Street
Boston, Mass. 02111
Workers' Compensation Insurance Affidavit

**Applicant information    Please PRINT legibly**

name: _____

location: _____

city _____    phone # _____

☐ I am a homeowner performing all work myself.
☐ I am a sole proprietor and have no one working in any capacity

☒ I am an employer providing workers' compensation for my employees working on this job.

company name: _Berkshire Mountain Homes, Inc_

address: _1 Post Office Square_

city: _North Adams_    phone #: _413-664-4313_

insurance co. _Travelers_    policy # _983X417503_

☐ I am a sole proprietor, **general contractor**, or **homeowner** (*circle one*) and have hired the contractors listed below who have the following workers' compensation polices:

company name: _____

address: _____

city: _____    phone #: _____

insurance co. _____    policy # _____

company name: _____

address: _____

city: _____    phone #: _____

insurance co. _____    policy # _____

**Attach additional sheet if necessary**

Failure to secure coverage as required under Section 25A of MGL 152 can lead to the imposition of criminal penalties of a fine up to $1,500.00 and/or one years' imprisonment as well as civil penalties in the form of a STOP WORK ORDER and a fine of $100.00 a day against me. I understand that a copy of this statement may be forwarded to the Office of Investigations of the DIA for coverage verification.

*I do hereby certify under the pains and penalties of perjury that the information provided above is true and correct.*

Signature _Michael Deep, President_    Date _7-11-03_

Print name _Michael Deep_    Phone # _413-664-1053_

official use only    do not write in this area to be completed by city or town official

city or town: _____    permit/license # _____
☐ Building Department
☐ Licensing Board
☐ check if immediate response is required
☐ Selectmen's Office
☐ Health Department
contact person: _____    phone #: _____
☐ Other _____

(revised 3/95 PJA)



NOTES:
------------------------

A.>PATIO DOOR R.O.
6'-0"W x 6'-8"H
14" HEADER

B.>WINDOW R.O.
32 5/8"W x 15 5/8"H
5" HEADER

C.>GARAGE DOOR DROP
9'-3"W x 12" DEEP

E.>2 STUDS

WALL THICKNESS = 10 1/4"

ALL PANELS INCLUDE 1" DOW
BLUEBOARD INSULATION

Superior Walls of the Hudson Valley, Inc.
68 Violet Avenue, Poughkeepsie, NY 12601
(845)485-4033  Fax:(845)485-2501
E-mail: info@superiorwallshv.com
Website: www.superiorwallshv.com

APPROVAL FOR PRODUCTION

X_____
Approved                Date

X_____
Approved as Noted        Date

NOTICE: Builder is responsible for
all site preparations including a
minimum of 5" clean 1/2" diameter
crushed stone. Sub footing to be
30" wide, centered under wall. Base
of sub footing is to be below
frostline and drained to daylight.
Follow site prep. booklet by SWA.
Builder to provide minimum soil
bearing = 1 TSF.

Job No.: Q8816

Mike Deep

Lot ~~#~~
North Adams, MA

Date: 6/30/03
Revised:
7-24-03
8-4-03
8-5-03
8-5-03
8-6-03

Sheet 1 of 1

Panels / T.O.W. = 0'-0"

Panels / T.O.W. = 0'-0"

Panels / T.O.W. = -1'-0"



SUPPORT LEDGE
AT END OF 8'-2" PANEL
DOWN 4'-0 1/2" FROM T.O.W.

3 1/2" DIA. LOLLY COLUMN,
30"x30"x10" THICK REINFORCED
CONCRETE FOOTER PAD
(TYP - BY OTHERS)

THIS AREA TO BE
POURED SOLID

SUPPORT LEDGE
DOWN 4'-0 1/2" FROM T.O.W.

| | | |
|---|---|---|
| ▨▨▨▨▨ | = | .4'0 |
| ▭ | = | 8'2 |
| ▨▨▨▨ | = | 7'2 |

NOTE TO OWNER: THIS SHOP DRAWING SHALL BE REVIEWED
AND RETURNED TO SWHV SIGNED AS "APPROVED" PRIOR TO
FABRICATION. OWNER OR OWNER REPRESENTATIVE SHALL
VERIFY THAT LAYOUT DIMENSIONS, ROUGH OPENINGS, TOP OF
WALL ELEVATIONS, LEDGE ELEVATIONS, LOAD CAPACITY OF
WALL AND POINT SUPPORTS MEET PROJECT REQUIREMENTS.
OWNER OR OWNER REPRESENTATIVE SHALL VERIFY SOIL
PRIOR TO INSTALLATION OF THE SUPERIOR WALL SYSTEM.

**20' FRONT YARD SETBACK**

**10' SIDE YARD SETBACK**

**BONAIR AVENUE**

100'±

50'±

50'±

**15' REAR YARD SETBACK**

50'±

**PAPER STREET**

43'±

**PROP. HOUSE**
893 sf ±

50'±

GAR.

16'±

7'±

**PROPOSED DRIVE**

88'±

**CITY OF NORTH ADAMS FLOOD CONTROL**

50'±

2'±

**EXISTING PAVED ROAD**

**SITE PLAN**
1" = 30'



**LOCUS PLAN**
N.T.S.

## ZONING DISTRICT

LOT 49, 50, & 51
R-2: SINGLE FAMILY

| REQUIRED | | | AVAILABLE |
|---|---|---|---|
| -MINIMUM LOT AREA | = | 11,250 sf | 11,780 sf± |
| -MINIMUM LOT FRONTAGE | = | 75 ft | 150 ft± |
| -MINIMUM FRONT SETBACK | = | 20 ft | 22 ft± |
| -MINIMUM SIDE SETBACK | = | 10 ft | 17 ft± |
| -MINIMUM REAR SETBACK | = | 15 ft | 42 ft± |
| -MAXIMUM BUILDING HEIGHT | = | 30 ft | 21 ft± |
| -MAXIMUM BUILDING COVERAGE | = | 25 % | 14 %± |

ROPOSED GRAVEL
ACCESS DRIVE
ITH TURNAROUND



| REVISIONS | | | | Design Group, Inc.<br>Civil Engineers • Surveyors • Consultants | **BUILDING INSPECTOR**<br>**PLOT PLAN**<br>PREPARED FOR | DWG. NO.<br>**1** |
|---|---|---|---|---|---|---|
| | | | DATE: JULY, 2003 | SCALE: 1" =30' | *DEEP ASSOCIATES*<br>BONAR AVENUE<br>NORTH ADAMS        MASSACHUSETTS | OF |
| | PROJECT NO. | DRAWN BY: | DESIGNED BY: | APPROVED BY: | SITE PLAN | **1** |



EXHIBIT B

Law Offices of

# Fred T. Thompson

66 Summer Street - P.O. Box 1071
North Adams, Massachusetts 01247
Telephone: (413) 664-9002
Telefax: (413) 663-7281

Fred T. Thompson
Julia G. Allan

Admitted Massachusetts & Kansas
Admitted Massachusetts

Oct. 23, 2003

Vincent Lively, Inspector of Buildings
City of North Adams
North Adams, MA 01247

Dear Mr. Lively:

I write this letter in response to your question, "Does the City of North Adams have the authority to grant to Michael A. Deep a building permit for lot numbers 148, 149 and 150 as shown on map entitled "Map of Lorraine, New Suburb of North Adams, Mass., Property of John B. Scarlett, surveyed 1899 by H.P. Linnell" on file with the Northern Berkshire Registry of Deeds as Plan No. 97 in Drawer No. 4?".

John B. Scarlett sold the above parcels to Christ D. Tietgens on July 8, 1904 at which time he did Warrant and Defend said parcels.

The City of North Adams has, since this particular subdivision existed, built, maintained, plowed, serviced, administered and regulated all municipal activities in this subdivision. This included extending public ways as lot owners constructed homes on these ways, including Bonair Avenue. The paper streets all became public ways and have been maintained by the City of North Adams.

The City's acceptance of these ways as public ways is further demonstrated by the City Council's action on May 9, 2000. On that date the North Adams City Council acknowledged that certain streets, roads and ways have been maintained by the City of North Adams. Among them were Hawthorne Avenue, Chantilly Avenue, Versailles Avenue, Watson Street, Bonair Avenue, East Johnson Street, and Avon Street. All streets were named accepted streets by a Council vote of 9-0 and approved on May 11, 2000 by John Barrett, III, Mayor.

In 1922, the City of North Adams, adopted a zoning ordinance. It defined *Street* as a public way or a way maintained and used as a public way, attested to by the Commissioner of Public Services and certified by the City Clerk, or a way shown on a plan approved and endorsed in accordance with the Subdivision Control Law (see Sec. 81L of Chapter 41) and the Planning Board's Rules and Regulations Governing the Subdivision of Land in the City of North Adams, **or other ways in existence when the Subdivision Control Law first became effective in the city,** having, in the opinion of the Planning Board, sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected thereon. "Street" shall be deemed to include the entire width the right-of-way.

The North Adams Planning Board Form A states:
A. Each lot on the plan or altered by it meets one of these criteria:
1. has all the frontage required under zoning on
   a. a public way, or
   b. a way shown on a plan approved earlier by the Planning Board under this law, or
   c. **a way pre-existing the effective date of subdivision regulations, and which the board finds adequate for its planned use.**
C. **The plan simply describes already existing parcels with no new lot divisions.**

On Feb. 5, 1952, a petition was brought to the then City Manager, Robert H. Harp, requesting improvements to, among other streets in the Lorraine section, Bonair Ave. The petition stated that the petitioners were "ready and willing to execute all necessary waivers of damage or otherwise for said improvements…"

Parcels numbered 148, 149 and 150, all have frontage on Bonair Avenue.

In May 1982, the City of North Adams Engineering Department proposed selling 33,730 square feet of land, including the section of Bonair Avenue in question.

On August 29, 2003, the North Adams Conservation Commission looked at a site plan for a 2 bedroom home on the property in question on Bonair Avenue. They determined "The work described in the Request is within the Buffer Zone, as defined in the regulations, but will not alter an Area subject to protection under the Act. Therefore, said work does not require the filing of a Notice of Intent, subject to the following conditions (if any).

The house and garage must be set back a minimum of 40 feet from the City Flood Control. Erosion control measures must be taken along the flood control by using haybales, stakes and a silt fence prior to construction." This determination of Applicability was signed by 4 members of the board on 9/11/03.

The lot in question owned by Michael A. Deep is in a R-2 single family zone district. It meets the frontage , front, rear and side set back requirements.

In April of 2000, David Emery built a single family home at 80 Bryant Street, North Adams. The City of North Adams extended and installed a cul de sac thereby extending Bryant Street and enabling the building of this additional home. Mr. Emery did not pay for the road extension, but did receive a permit from the Planning Board.

Additionally, in August, 1998, the North Adams building department issued a building permit to Peter Robare to construct a single family home at 200 Versailles Avenue. The building department did not require the applicant to appear in front of the Planning Board, did not require the applicant to improve the road, and did not require the applicant to prove that the city had the authority to grant a building permit.

Clearly, in the past, the City of North Adams has demonstrated co-operation and encouragement to builders that would build to increase the tax base. This case falls in line with the above cases noted and should not be treated any differently.

Based upon the foregoing, in answer to your question, it is clear that the City of North Adams does in fact own Bonair Avenue and the City has the authority to grant to Michael A. Deep a building permit for lot numbers 148, 149 and 150 as shown on map entitled "Map of Lorraine, New Suburb of North Adams, Mass., Property of John B. Scarlett, surveyed 1899 by H.P. Linnell" on file with the Northern Berkshire Registry of Deeds as Plan No. 97 in Drawer No. 4".

Best Regards,


Fred T. Thompson

EXHIBIT C

**North Adams Planning Board**
**Special Permit Application**

| Received at Office of City Clerk |
| Date: |
| Time: |
| Received by: |
| Fee: |

## ALL REQUIRED INFORMATION MUST BE SUBMITTED BY THE APPLICATION DUE DATE OR THE APPLICATION WILL NOT BE PROCESSED.

1. Name of applicant: *Michael A. Deep*

2. Name of property owner (if different):

3. Name of legal counsel (if appropriate):

4. Address of project: *Bonair Avenue, lot 49, 50, 51*

5. Zoning district(s) of project: *R-3*

6. Use classification of Project (consult use schedule):

7. The record title to project address stands in the name(s), address(es):
   *Michael A. Deep*
   *North Adams, Massachusetts* by a deed duly recorded in the Northern Berkshires Registry of Deeds in Book *699* Page *511*. **A copy of the property deed must be attached to this application for processing.**

8. Type of special permit:
   *a. use permits:*
   - ☐ nursery schools/day care
   - ☐ theaters, taverns
   - ☐ shopping centers
   - ☐ industrial uses
   - ☐ solid waste facilities
   - ☐ research, experimental and testing laboratories
   *b. site plan approval:*
   - ☐ a change of use
   - ☐ a change of land use
   - ☒ new construction
   - ☐ addition to an existing use of a building or structure greater than 200 square feet.

9. If the Site Plan Approval is required:

   ☒ **Site plan materials** are attached with application. See attached checklist.
   ☒ **Narrative** is attached. See attached checklist for criteria to be explained within narrative.

☐ Please check here if the property is located in any district* and will be creating or maintaining more than ten (10) new parking spaces. If yes, please provide detailed **parking plan** pursuant to Section 10 'Off-Street Parking' in the North Adams Zoning Ordinance.

☐ Please check here if the proposed project will require additional signage. Please provide **color elevation renderings of proposed signage**. Please note if the dimensions, setback, duration, scale, or components of the signage will require a special permit by the Zoning Board of Appeals.

☐ VI. Please check here if any part of the new construction will be sited within two-hundred (200) feet of a river.** If yes, please provide a **drainage plan** for the site that ensures that safe water runoff into catchbasins, culverts, swails, etc.

10. Determination of applicability from the Conservation Commission is
    _X_ attached.
    ____ in progress. Hearing is scheduled for _____.
    ____ not required. Please explain why.

    _____
    _____

11. Is a request for a Determination of Applicability from the Massachusetts Department of Environmental Protection necessary? _NO_. If yes, request was filed (date) _____.

    _____

12. Are there other boards to which this proposed project will be providing information? If yes, please list board and date of hearing/meeting: _None_

    _____
    _____

_Michael A. Deep_
Signature of Owner

_Michael A. Deep_                    _1-24-04_
Signature of Applicant                Date

_Michael A. DEEP_                    _413-664-1053_
Printed Name                         Phone Number

_1 POST OFFICE SQUARE, NORTH ADAMS MA 01247_
Address of Applicant

* excluding CB-1 or CB-2 districts
** A river is defined as any natural flowing body of water that empties to any ocean, lake, or other river and which flows throughout the year. For additional information, please consult the OCD office for information on the "Rivers Protection Act", Chapter 258, MGL c.131 40.

# Deep Associates
# 1 Post Office Square
# North Adams, MA 01247
# 413-664-1053 phone
# 413-664-1057 fax
# email:mdeep@adelphia.net

January 5, 2004

Katherine Eade
City of North Adams

BY HAND

Dear Ms. Eade,

      As per your request at the Planning Board meeting of November, 2003, enclosed is a full title search and conclusion compiled by Susan Denault.  Both this result and the opinion given you by Attorney Fred Thompson on October 23, 2003 conclude that Bonair Avenue is in fact owned by the City and the City does have the authority to grant a building permit.  I hope this issue will be voted upon at the Planning Board meeting Jan. 12, 2004.  Thank you.

Sincerely

Michael A. Deep

CC· Chairman Michael Leary
     North Adams Planning Board

Lhead2

# Deep Associates

This report summarizes the findings uncovered as a result of researching the status of Bonair Ave. in North Adams, Mass. In particular, the section of Bonair Ave. of most concern involves three lots currently owned by Michael Deep (BK 699 PG 511, see Exhibit 1) that fronts on the westerly side of the street. The land described in BK 699 PG 511 consists of lots 135, 136, 137, 148, 149, & 150 on a plan entitled "Map of Lorraine, New Suburb of No. Adams, Mass. Property of John B. Scarlett" (filed in Dr. 4 #97 at the Adams Registry of Deeds, see Exhibit 2). Deep's three lots are a portion of the land described in BK 699 PG 511 and are shown on the North Adams assessor's map No. 143 lots 51, 50 & 49. (see Exhibit 3) (Being lots 150, 149 & 148 in said subdivision). Michael Deep sold the remaining land in 1982 to Charles R. & Judith A. Blaisdell in BK 712 PG 1082c. (see Exhibit 4) This land consists of lots 135 and 136 on said plan and are shown on No. Adams assessors' map 143 lots 48 & 47.

My initial part of the research consisted of examining other lots fronting on Boniar Ave. to the north and south of Deep's lots as well as on the opposite side or easterly side of the street. The purpose was to determine how these lots were originally referred to when the original developer John B. Scarlett sold them out after 1899. Several lots on said plan do refer to having specific frontage on Bonair Ave or being bounded on Bonair Ave.

These lots are: 152, 153, 154, 155, 156, 195, 196, 197, 198, 199, 200, 201, 202, & 203. (see Exhibit 2)

The locus lots that front on Bonair Ave. (Lots 148, 149 & 150, Deep's land) however, are not originally described as having frontage on Bonair, they are just referred to as lots on the "Lorraine" tract plan (see Exhibit 5 BK 269 PG 259 attached to chain of title). But, in two separate deeds there is reference to these lots having frontage of 100' along the westerly line of Bonair Ave. (BK 536 PG 307c Rougeau to Reed – 1958 (see exhibit 6); Brazeau to Rougeau BK 510 PG 321 – 1955).

In researching the "Lorraine" development, I found two separate takings by the Commonwealth of Mass. on behalf of the city of North Adams for flood control purposes in 1957 in the locus area.

See: 1) BK 529 PG 221c & plan in Dr. 6 # 112 sheet no. 2 (see Exhibits 7A & 7B)
2) BK 529 PG 250c & plan in Dr. 6 # 113 sheet no. 7 (see Exhibits 8A & 8B) Note: I have indicated the takings that are locus.

In these takings, several parcels of land were taken "in fee simple" and designated as "A" parcels, and others were taken as temporary easements for access, the removal of trees etc. and are designated as parcels "B" on said plans. In these documents there is reference to *"excepting ... all lawful rights of the public to use those parts of the public way or ways within the aforesaid limits of areas "A", "AA" & "AAA"..."* This language appears to indicate and recognize that the streets on the said plan are public ways.

The locus parcels, more specifically, portions of lots 148, 147, 137, & 136 were affected by the flood control takings (see assessors map 143, exhibit 3).

According to these takings in 1957, there was a large section of the "Lorraine" tract that was taken and is now currently owned by the city of North Adams and is shown on assessor's map 134 lot 54, labeled as "Ponding area". (See exhibit 9). (Also see plans Dr. 6 #113 sheets 6 & 7, exhibits 8C & 8B). This area was taken *"in fee simple"* and was part of the permanent taking designated "A". This land is to the north of the Deep land and is shown on the assessor's map designated as the "holding pond" and part of Bonair Ave. was absorbed into this larger parcel during the taking.

One final finding I uncovered while looking at other lots surrounding Deep's three lots, is that in 1973, the city of North Adams by two separate conveyances sold several lots north of Deep's property. These lots were surveyed by the city engineer's office dated Dec. 1973 and specifically show the lots having frontage on Bonair Ave.

> Map 134 Lots 65 & 66 : BK 669 PG 682c are owned by Russell A. & Josephine A. Trimachi ( 10/4/1974). (see Exhibits 9 & 10)

> Map 134 Lots 63 & 64: BK 669 PG 684c are owned by Lowell w. & Blanche A. Reberger (10/4/1974). (see Exhibits 9 & 11) This lot is currently owned By Patenaude BK 729 PG 1137c (see Exhibit 12).

One final comment is that I examined existing information that was gathered by the former city clerk Mary Ann Abuisi, which consisted of references and documents by the city of North Adams discussing the status of Bonair Ave. and other streets in the vicinity to designate these streets as streets owned by the city. On May 9, 2000, the North Adams City Council passed the following resolution (No. 10,525-1a see Exhibit 13) : *"Accepting certain streets, roads and ways in the City for funding from the Commonwealth of Mass. pursued to MGL, Chapter 90"*. This resolution included Bonair Ave. as one of the streets owned by the city of North Adams as stated in the same resolution: *"Whereas: It is acknowledged that certain streets, roads & ways have been maintained by the City of North Adams ..." "...It is hereby ordered: That the above-listed streets, roads and ways are hereby accepted as public streets or ways for the purpose of receiving funding from the Commonwealth of Massachusetts, pursuant to Massachusetts General Laws, Chapter 90."*

Upon the examination of documents available at the Northern Berkshire Registry of Deeds in Adams and previously gathered materials available to me, the evidence suggests that Bonair Ave. has been maintained by the City of North Adams on a regular basis and has been deemed as a public way by the City.

Compiled by
Susan Denault
January 2, 2004

268 Rte. 7
New Ashford, Ma. 01237
January 2, 2004

**Research Services for Atty. Fred Thompson**
  Re: Deep property – Bonair Ave. North Adams, Ma.

12/17  Research – 3 ½ hrs.

12/18  Research – 2 ½ hrs.

12/22  Research – 3 ½ hrs.

12/26  Meeting with Fred Thompson – 1 hr.

12/31  Compile report – 2 ½ hrs.

1 /2  Compile report – 3 ½ hrs.


**Total hours:  16.5 hrs. @ $26.00/hr.**                    $429.00

Copies:     Deeds – 33 @ .50/pg.          16.50
            Plans -                        13.50
                                                              30.00

**Total Fees:**                                          $459.00


*Susan Denault*
**Susan Denault**
458-5531

#4904

EXHIBIT 1

BOOK 699 PG 511

We, HENRY M. TOWER and DOROTHEA A. TOWER, husband and wife, both of North Adams, Berkshire County, Massachusetts, in consideration of the sum of THIRTY-SEVEN THOUSAND FIVE HUNDRED (37,500) DOLLARS paid, grant to MICHAEL A. DEEP, whose residence and post office address is 209 Ashland Street, North Adams, Massachusetts, 01247, with WARRANTY COVENANTS, the land with any and all buildings thereon situate on the easterly side of Chantilly Avenue in said North Adams, and being numbered 74 Chantilly Avenue, bounded and described as follows:

Beginning in the easterly line of Chantilly Avenue at the northwest corner of Lot No. 137 as shown on map entitled "Map of Lorraine, New Suburb of North Adams, Mass., Property of John B. Scarlett, Surveyed by H. P. Linnell" on file with the Northern Berkshire Registry of Deeds as Plan No. 97 in Drawer No. 4; thence running northerly along the westerly lines of Lot Nos. 136 and 135 as shown on said plan, for a distance of one hundred (100) feet, to a wooden stake at the northwest corner of said Lot No. 135; thence turning and running easterly along the northerly line of said Lot No. 135 and Lot No. 150, as shown on said plan, for a distance of two hundred (200) feet, to an original pipe at the northeast corner of said Lot No. 150; thence turning and running southerly along the easterly lines of Lot Nos. 150, 149 and 148, as shown on said plan, for a distance of one hundred fifty (150) feet, to a wood stake at the southeasterly corner of said Lot No. 148; thence turning and running westerly along the southerly line of said Lot No. 148, for a distance of one hundred (100) feet, to an original iron pipe at the southeast corner of Lot No. 137 as shown on said plan; thence turning and running northerly along the westerly line of said Lot No. 148, for a distance of fifty (50) feet, to the northeasterly corner of said Lot No. 137; thence turning and running westerly along the northerly line of said Lot No. 137, for a distance of one hundred (100) feet, to the point and place of beginning.

Excepting from the above-described premises that portion taken by the Commonwealth of Massachusetts for flood control purposes by instrument dated July 16, 1957, recorded with the Northern Berkshire Registry of Deeds in Book 529, Page 221.

Meaning and intending to convey and hereby expressly conveying, all and singular, the same premises conveyed to us by deed of Peter R. Mellin et al, dated April 28, 1978, and recorded with said Registry of Deeds in Book 683, Page 1023.

MANUEL & MANUEL
ATTORNEYS AT LAW
32 EAGLE STREET
P. O. BOX 246
NORTH ADAMS,
MASSACHUSETTS 01247

TEL: (413) 663-3401

BOOK **699** PAGE **512**

Real estate taxes for the current tax period have been apportioned between the parties hereto and the Grantors agree and assume to pay same.

WITNESS our hands and seals this    5th    day of June    A. D. 1980.

In the presence of:

_Laura Manuel_
(Notary)

_Henry M. Tower_
Henry M. Tower

_Dorothea A. Tower_
Dorothea A. Tower

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                        June 5th    , 1980

Then personally appeared the above-named HENRY M. TOWER and DOROTHEA A. TOWER and acknowledged the foregoing instrument to be their free act and deed, before me,

_Laura Manuel_
Notary Public

My commission expires:   9-5-86

*H.M.T. & D.A.T.  6-5-80*
*COMMONWEALTH OF MASSACHUSETTS*
*DEEDS EXCISE*
*$85.50*

Received & entered for record

_June 5_  19 80 at 2 H 33 M P M

MANUEL & MANUEL
ATTORNEYS AT LAW
34 EAGLE STREET
P. O. BOX 346
NORTH ADAMS,
MASSACHUSETTS 01247
—
TEL. (413) 663-6601

-2-



EXHIBIT

# NORTH ADAMS, MASS.

## PROPERTY OF JOHN B. SCARLETT.

### SURVEYED 1899 BY
### H. P. LINNELL.

HAWTHORNE STREET

CHANTILLY

CATHERINE

VERGENNES PL.

PHELPS

STREET

BARBOUR

WATSON ST.