

*City of North Adams, Massachusetts*

PLANNING BOARD
City Hall
North Adams, Massachusetts 01247

*Decision of the North Adams Planning Board on Case No: SPA2004-04*

Special Permit -- March 8, 2004
Site Plan Approval/new construction

| | |
|---|---|
| Applicant: | Michael A. Deep |
| Address: | 1 Post Office Square |
| Project Address: | Interior lot adjacent to Bonair Avenue |
| Owner of Property: | Michael A. Deep |
| Date of Meeting: | March 8, 2004 |
| Date of Decision: | March 8, 2004 |
| Special Permit: | **DENIED** |
| Book/Page | 699/511 |

Public Hearing:

The North Adams Planning Board, acting under Section 3D, and the Sub-Division Control Law, of the City of North Adams and Mass General Laws Chapter 40A, having received an application from Michael A. Deep, for property located on an interior lot on an unconstructed way adjacent to Bonair Avenue. Site Plan Approval special permit required pursuant to Section 3D for new construction in an R-2 zone. A public hearing was held on Monday, March 8, 2004 at 6:00 PM in City Council Chambers in City Hall.

Notice of the hearing, list of abutters and a copy of the legal notice are available in the Office of Community Development. A copy of the public hearing minutes and a copy of the minutes at which the Planning Board vote was taken are attached hereto:

Findings:

After review under the Zoning Ordinances, Section 3D et al and the Subdivision Control Law, the North Adams Planning Board finds that:

1. Bonair Avenue north of Watson Street is a not a street within the definitions contained in the Zoning Ordinances because it is not constructed and exists as a paper street only which is not maintained or accepted by the City of North Adams.

2. the applicant created an interior lot landlocked without frontage on a street when he conveyed a portion of the original property to Charles R. and Judith A. Blaisdell in 1982) (ref. Book 712/Page 1082).

3. the proposed project does not have frontage on a street as required by the Zoning Ordinances.

4. the proposed project would create a detrimental impact on adjoining premises and the general neighborhood.

5. the proposed project consists of a building design and site layout which would detract from the surrounding environment.

Decision:

The North Adams Planning Board, acting as the Special Permit Granting Authority under the Zoning Ordinance, City of North Adams, DENIES the special permit for the construction of a single family home. The reasons for denying this special permit are as stated in the findings.

**Case No: SPA2004-04**

North Adams Planning Board
Special Permit/new construction

Michael A. Deep
For property located on an interior lot:
Adjacent to Bonair Avenue
North Adams, MA  01247

North Adams Planning Board:                    Date of Meeting:  March 8, 2004

Denied on:  March 8, 2004



*City of North Adams, Massachusetts*

PLANNING BOARD
City Hall
North Adams, Massachusetts 01247

## NORTH ADAMS PLANNING BOARD

### REGULAR MEETING

### MINUTES

#### March 8, 2004

**MEMBERS PRESENT:** Wayne Wilkinson, Michael Leary, Kyle Hanlon, Paul Senecal, Paul Hopkins, William Schrade, Joseph Gniadek, David Babcock

**MEMBERS ABSENT:** Edna Rudnick,

**OTHERS PRESENT:** Katherine Eade, Administrative Officer, William Meranti, Building Inspector

**CALL TO ORDER:** The Chairman called the regular meeting to order at 6:42pm with the presence of a quorum.

**APPROVAL OF MINUTES:** A motion was made by Member Schrade and seconded by Member Gniadek to approve the public hearing minutes dated February 9, 2004. Motion carried.

A motion was made by Member Hanlon and seconded by Member Hopkins to approve the regular meeting minutes dated February 9, 2004. Motion carried.

**OLD BUSINESS:**
- **Case No. SPA2004-03** Application of Mark D. Smith to construct a weather monitoring tower in a RU-1 zone on property owned by Michael A. Deep off of West Shaft Road.

A motion was made by Member Wilkinson and seconded by Member Gniadek to deny the special permit for this project.

Member Hopkins stated that the material the Board received states pretty clearly that the Board has to consider this as one project. Ms. Eade stated that the MEPA prohibits segmentation of a project. She read the statute citing that the entirety of the project, including any likely future expansion of the project must be considered. The application has said that the intent is to make alterations, improvements or extensions to the lease premises consistent with the construction and maintenance of a wind generated electrical production facility commonly known as a wind farm. Ms. Eade stated the Board has information stating that people have taken two approaches: Berlin has said that they need

PB Reg. Minutes
March 8, 2004
page –2-

to look at the project in its entirety. Florida and Monroe have perhaps not taken that approach.

The Chairman stated his chief concern is that the Board looks at the cumulative effect of this project. He thinks that Member Gniadek directly addressed this issue. The cumulative impact of this project could have a major impact on the economy of North Berkshire County. He agrees that this project should be denied.

Member Schrade inquired that the application is for a tower. Essentially is the Board just denying the tower and then they can come back in the future with the entire project. The Chairman stated that the Board should look at the entire project. Member Schrade stated he wasn't trying to be confusing. He only wants someone to clear it up for him. Essentially the Board is only denying the tower and the applicant can come back in the future with a plan for the whole project. He wants to be clear on what he is supporting or denying. The Chairman stated that the point is if they want to do a wind farm they do have to come in with the entire package. Ms. Eade said that you can't segment the project into a tower and then what comes after the tower. Member Schrade stated that Mr. Smith could reapply for the entire project. Ms. Eade stated yes.

Member Hanlon stated that he was a little confused himself on MEPA. It's listed in CMR 11.01 that the Board is obligated to by state regulations to consider this as one complete package. That the State recommends that we consider this as one complete package. Ms. Eade stated that she has no recommendations from the State. The process is that a form is filed with the State. Ms. Eade read the language of what the statute requires.

Member Babcock asked if the tower is denied tonight does Mr. Smith have to wait two years before he can file another application. Ms. Eade stated no. The Board is saying there is not sufficient information to address all of the concerns then if more information comes forward that's a new application.

Member Hanlon had one last question. If this comes back to the Board at what stage would there be public hearings on this other than the Planning Board. Ms. Eade stated that there would be multiple public hearings once it starts the MEPA review process.

The Chairman stated that a motion has been made and seconded to deny the special permit. Motion carried.

**NEW BUSINESS:**
  • **2) Case No. SPA2004-04** Application of Michael A. Deep for an interior lot. A motion was made to deny the special permit by Member Schrade and seconded by Member Babcock.

The Chairman stated the findings in this case. Bonair Avenue in this case is not a street as defined in the Zoning Ordinances. It is not constructed and exists as a paper street only,

PB Reg. Minutes
March 8, 2004
page –3-

which is not maintained by the City of North Adams. The applicant created an interior
lot, landlocked without frontage, when he conveyed a portion of the original property to
Charles and Judith Blaisdell in 1982. The proposed project does not have frontage on a
street as required by the Zoning Ordinances. The proposed project would create a
detrimental impact on the adjoining premises and the general neighborhood and the
proposed project consists of a building design and site layout which would detract from
the surrounding environment.

Member Babcock stated he had a problem with the last two findings. He doesn't think
that the impact on a neighborhood is a given. He understands that it's landlocked and
there is no frontage. Finding numbers 4 & 5 is only an opinion. Member Babcock made a
motion to remove findings number 4 & 5. Ms. Eade stated that those are a couple of
things that are in the Ordinances as things the Planning Board may consider in their
determinations. Without hearing a second the motion failed.

The Chairman stated that there was a motion in the second to deny the special permit.
Motion carried.

**OTHER BUSINESS:**
**Form A: P04-02** Application of Great American Financial Resources, Inc. for property
located westerly of Brown Street, southerly of Massachusetts Avenue and River Street,
northerly of the Boston & Maine Railroad right of way.  The plan simply describes
already existing parcels with no new divisions.

Ms. Eade stated that they did not have a Mylar to sign. Attorney Fred Thompson stated
that he would provide a Mylar for the Board to sign.

With no further discussion a motion was made to approve by Member Hanlon and
seconded by Member Schrade. Motion carried.

**ADJOURNMENT:**
With no other discussion a motion was made at 6:51pm by Member Hanlon and seconded
by Member Wilkinson to adjourn. Motion carried.

Respectfully submitted,

Catherine Verrier
Secretary



*City of North Adams, Massachusetts*

PLANNING BOARD
City Hall
North Adams, Massachusetts 01247

# NORTH ADAMS PLANNING BOARD

## PUBLIC HEARING

## MINUTES

### March 8, 2004

**MEMBERS PRESENT:** William Schrade, Joseph Gniadek, Wayne Wilkinson, Michael Leary, Kyle Hanlon, Paul Hopkins, Paul Senecal, David Babcock

**MEMBERS ABSENT:** Edna Rudnick

**OTHERS PRESENT:** Katherine Eade, Administrative Officer, William Meranti, Building Inspector, Fred Thompson, Attorney for the applicant

**CALL TO ORDER:** The Chairman called the public hearing to order at 6:15pm with the presence of a quorum.

**PUBLIC HEARING – NEW BUSINESS:**
  2) **Case No. SPA2004-04** Application of Michael A. Deep for an interior lot. Special permit requested pursuant to Section 3D Site Plan Approval and the Subdivision Control Law to construct a single-family house on an unconstructed way adjacent to Bonair Avenue.

Mr. Michael Deep addressed the Board. He stated that he has provided a packet that answers most of the questions that the Board had the last time he was before them. He would like to build a one-story ranch on an unconstructed public way. There are two opinions that it's a public way and the legal notice says it's a public way. He believes that the question that the Board is most concerned with is it a public way. That question has been answered. Another concern the Board had was with the siding on the home was not to the liking of the Board. The house once construction is completed will fit into the neighborhood. It will sell for approximately $150,000.00. If the Board is satisfied that it is a public way they have the authority to grant the permit.

Chairman Leary asked if there were any questions from the Board. Member Hopkins inquired if it has been determined to be a public way. Ms. Eade stated that she had made a mistake with the wording of the legal notice. But just because she made a mistake does

PB PH Minutes
March 8, 2004
SPA2004-04
page -2-

not make it a public way. The City has determined that it is not a public way. There are ways to make it a public way; one is to have it accepted by the City Council, another is by the City maintaining it, having an infrastructure and maintaining paving. None of that has happened on the unconstructed portion of Bonair Avenue. The City Ordinances also say that you can have a petition by abutters to lay out a street or a public way. But all abutters have to release to the City without compensation the necessary land and abutting shoulder slopes. That hasn't happened. One of the people that Mr. Deep hired says that the evidence suggests that Bonair Avenue has been maintained by the City of North Adams on a regular basis and has been deemed a public way by the City. The unpaved portion of Bonair Avenue is only weeds and has never been paved or maintained by the City. It does not fit the criteria of a public way.

Member Schrade inquired if that street has ever been maintained. He can see that it is grown in. You can't tell if it was ever a street or part of a road. Ms. Eade stated that the information that Mr. Deep has provided is very interesting and it shows in 1952 when some residents of the area petitioned the Mayor and the City Council to create public ways in this sub-division by having the City put in infrastructure such as water, sewer and pavement. That is essentially how the public ways that are in Greylock were created. The rest of it is still paper – paper streets.

Member Babcock stated that he looked at all the exhibits that have been presented and he is stuck on the word maintained. That portion of Bonair Avenue has never been maintained. If the definition of a street is a maintained public way, he does not see how this part of Bonair Avenue meets these criteria. He went through all the information and did not see anything saying this is a street. Attorney Fred Thompson stated that this development has a long history dating back to 1899. The City accepted the development in 1904. Mr. Deep has not received an opinion from the City Solicitor if this is a street. He compares this street to East Main Street. East Main Street Extension went up one house at a time. A lot of streets in this City are like this. Mr. Deep will extend the street seventy-five feet to create frontage. He has presented statistics and specs to the Building Inspector saying he would extend this street beyond his lot. This is only an extension of a City Street. If we were to hold all of the houses in that area to this rule there wouldn't have been any built. One the papers presented to the Board was a City Council Ordinance from 2000 that says "these streets are City streets for the purposes of public highway funding". He is not saying that this particular seventy-five feet has been maintained, it hasn't. But if you look further down from Mr. Deep's lot you would see the City owns land. Is the City saying that that land is inaccessible and land locked? He feels that his client has provided everything the Building Inspector has asked for. He pointed out two other streets where similar construction has occurred, Bryant Street and Versailles Avenue. Ms. Eade has brought up the fact that these streets were accepted in 1952 and 1942.

PB PH Minutes
March 8, 2004
SPA2004-04
page -3-

Member Hopkins asked for clarification. The Board can only approve this special permit
if the lot has frontage on an accepted public way? Ms. Eade stated that Mr. Meranti could
only issue a building permit if the lot has frontage. Member Hopkins stated that the
general agreement here is that this is not a maintained public way. Ms. Eade stated that
the City Council could accept this as a City street on its own or if abutters petition it.
Member Hopkins stated that this is not an accepted public way and the Planning Board
does not create an accepted public way.

At this time the Chairman opened the discussion to the gallery. City Councilor Ronald
Boucher stated that he has been a resident of the Bonair Avenue area for seventeen years
and that portion of Bonair Avenue has never been maintained. It's a paper street the lots
without frontage, it's landlocked. He is also concerned with the quality of housing that
Mr. Deep is proposing to construct. He has driven by the Tremont Street house that is
under construction and he is troubled by what he has seen there. People in the Greylock
area have invested a lot of money in their homes and he feels that the Board should
consider not awarding a special permit in this case.

Mr. Scott Braman of 85 Phelps Avenue stated that the Greylock neighborhood that the
Board is discussing is a diverse neighborhood. There are young families with children
and also elderly residents that have been there for years and have maintained those
homes. It's a neighborhood that looks out for one another. Everyone has seen the house
that Mr. Deep wants to put on that lot when it was parked off of River Street. He doesn't
consider it a house. He considers it more of a tool shed or a hunting type camp. No matter
how you dress that up it will not be good for the neighborhood. It will lower the property
values. He is hoping the Planning Board will turn this permit down. Another word he
keeps hearing is, maintained by Mr. Deep, if you look at the Tremont Street house it's a
mess. The two houses on the side of this dwelling basically the property values are
ruined. He is really worried about that happening in Greylock. Also Mr. Deep owns
several other properties around the City and he is frequently cited with violations for
environmental problems, building code fines and other type problems. He is worried that
this will happen in Greylock also. Taking that proposed structure and just dropping it in
the middle of a nice neighborhood will ruin the neighborhood.

Mr. Charles Blaisdell of 74 Chantilly Avenue stated that he lives adjacent to the lot that
Mr. Deep is proposing to build on. He wanted it publicly known that he has made an
offer to Mr. Deep to purchase the lot at the appraised value. Mr. Deep has offered to sell
the lot to him but the price is always out of their reach. He too has problems with the
proposed structure. The house that is on Tremont Street was never designed to be a
dwelling. It was designed to be a display home for a resort in Lee, MA. No matter how
much Mr. Deep patches it up it will never be fit to live in.

PB PH Minutes
March 8, 2004
SPA2004-04
page -4-

Mr. Dennis Dubie of 47 Watson Street stated that the City has never maintained that section of land. Mr. & Mrs. Blaisdell, Mrs. Campedelli and he have maintained that section of land. He wouldn't want to see the area disturbed. It's quaint and diversified.

Mrs. Patricia Wol of 78 Tremont Street stated that she is an abutter to the building Mr. Deep is constructing on that street. She has heard all of the complaints and she goes along with them. Mr. Boucher has concerns and she has had many concerns as well filed with the City. She wanted to say that her property value has gone up 35% since Mr. Deep started construction on Tremont Street. All the other houses on the street have gone up only 17%. She has been dealing with Mr. Fachini and the Board of Assessors. She is wondering what the difference is between what Mr. Deep has done on Tremont Street and what he wants to do on Bonair Avenue. Yes he had a buildable lot on Tremont Street and he offered to sell the lot to her but at an astronomical price. She couldn't afford it because her daughter was going to college. She repeatedly went to City Hall to see the building permit. Where the house is located on the lot does not match the site plan. The building permit should have never been issued in the first place. It is a direct violation of 780 CMR section 110-7. There was never even a complete set of plans on file for the garage. Yet, Inspector Lively did issue the permit. She went to the Mayor, the City Councilors and even contacted the Planning Board members. The majority of people did show up to look at the mess. She calls it "the nightmare on Tremont Street". There are drainage and erosion problems in her yard. All the water from the roof of that house now drains into her yard. She has filed many complaints, all on deaf ears. She realizes that Mr. Deep owns both of the lots, the one on Tremont Street and the Bonair Avenue lot, however he needs to meet code. The City needs to listen to their complaints. She would like the State Building Inspector to make sure the building is fit. The Chairman interrupted her and stated that the Public Hearing is for the property on Bonair Avenue and not the house on Tremont Street.

Mr. Meranti stated that as far as the code issue goes it is a project in the works. Mrs. Wol does have legitimate complaints and they do not fall on deaf ears. Mr. Deep has been repeatedly advised of the problems on the lot. Violation notices have been issued. Other enforcement has been taken on that job. In the end this building will meet code or it will not receive a certificate of occupancy. The building is in the construction phase and may not be proceeding as you would like it to but in the end it will meet code.

Another woman from Tremont Street requested to speak. However the Chairman again reminded the gallery that the public hearing is for the Bonair Avenue property so she should keep her comments brief. Ms. Cheryl Perreault of 96 Tremont Street stated that there would eventually be safety issues at the Bonair Avenue site. Her property abuts Mr. Deep's property on Tremont Street and she can't even let her eight-year old granddaughter play in the yard because of the ledge that has been dug into the hill at Mr.

PB PH Minutes
March 8, 2004
SPA2004-04
page  -5-

Deep's property. She is afraid the child will be injured if she falls. She wanted to issue a formal complaint about safety.

Mrs. Marion Ruhman Crawford of Chantilly Avenue stated she has lived in the neighborhood since 1951 and there never has been any kind of structure resembling the one Mr. Deep wants to put on the property in the neighborhood.

Attorney Thompson stated that he has heard the comments and some of them are not relative to the issue. His point is that they have provided two opinions saying that the City has accepted this land. The Planning Board should really try to protect itself and ask for the City Solicitor's opinion. Also they should allow Mr. Deep to build the building to spec.

The Chairman asked if there were any comments from the Board. Member Schrade inquired if the deed was still in question with the property. Ms. Eade stated that the right of way is the issue not Mr. Deep's property. Member Schrade stated that the Planning Board had nothing to do with the Tremont Street property. He can understand the concerns. He does not see how he can support Mr. Deep's plan.

City Councilor Boucher stated that he had an idea that would be a win, win situation for everyone. He suggested that Mr. Deep sell the property to Mr. & Mrs. Blaisdell for fair market value.

The Chairman asked if there were any more comments. Hearing none a motion was made at 6:41pm to close the public hearing by Member Gniadek and seconded by Member Hanlon. Motion carried.

Respectfully submitted,

Catherine Verrier
Secretary

**Commonwealth of Massachusetts**
**County of Berkshire**
**The Superior Court**



CIVIL DOCKET# **BECV2004-00095-A**

RE:   **Deep v City of North Adams et al**

TO:Fred T Thompson, Esquire
66 Summer Street
PO Box 1071
North Adams, MA 02147

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/20/2004 |
| Response to the complaint filed (also see MRCP 12) | |
| All motions under MRCP 12, 19, and 20 filed | 08/27/2004 |
| All motions under MRCP 15 filed | 08/27/2004 |
| All discovery requests and depositions completed | 01/24/2005 |
| All motions under MRCP 56 served and heard | 02/23/2005 |
| Final pre-trial conference held and firm trial date set | 03/25/2005 |
| Case disposed | 05/24/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **Superior Court-2nd Floor at Berkshire Superior Court.**

Dated: 03/31/2004

Deborah S. Capeless
Clerk of the Courts

BY: Deborah A. Schilling,
Assistant Clerk

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 270548 trkset dillonm

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. *04-30077-KPN*

MICHAEL A. DEEP,               )
       Plaintiff              )
                              )
vs.                           )
                              )
CITY OF NORTH ADAMS, JOHN BARRETT,   )
MAYOR, NORTH ADAMS PLANNING    )
BOARD, MICHAEL LEARY, PAUL HOPKINS,  )
WILLIAM SCHRADE, JOSEPH GNIADEK,  )
PAUL SENECAL, DAVID BABCOCK, EDNA  )
RUDNICK, KYLE HANLON and WAYNE  )
WILKINSON as Members of the NORTH ADAMS )
PLANNING BOARD, and KATHERINE EADE,  )
ADMINISTRATIVE OFFICER of the CITY  )
OF NORTH ADAMS,                )
       Defendants             )

THE COMMONWEALTH OF MASSACHUSETTS
_____, S.S. SUPERIOR COURT

F
I
L
E
D

APR 2 0 2004

## NOTICE OF FILING OF NOTICE OF REMOVAL WITH THE UNITED STATES DISTRICT COURT

Defendants hereby give notice of their filing with the United States District Court, District of Massachusetts, Western Division, their Notice of Removal. A copy of the Notice of Removal is attached hereto as Exhibit A.

THE DEFENDANTS

By _____
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402

**A True Copy**

Attest: _____
                Clerk

®JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MICHAEL A. DEEP

## DEFENDANTS

CITY OF NORTH ADAMS, ET. AL.

(b) County of Residence of First Listed Plaintiff  **Berkshire**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **Berkshire**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fred T. Thompson, Esq.
66 Summer Street
North Adams, MA 01247
(413) 664-9002

Attorneys (If Known)
Nancy Frankel Pelletier, Esq.
Robinson Donovan, P.C., 1500 Main Street,
Suite 1600, Springfield, MA 01115
(413) 732-2301

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☒ 3  Federal Question
    (U.S. Government Not a Party)

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury— | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | | **LABOR** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Sentence | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☒ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | / ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
    Proceeding

☒ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to
    District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

The plaintiff alleges a violation of his First, Fourth, Fifth, Eighth and Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
April 16, 2004

SIGNATURE OF ATTORNEY OF RECORD

A True Copy

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Attest: Deborah Gageless
Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

    MICHAEL A. DEEP v. CITY OF NORTH ADAMS

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    [ ]    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [X]    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    [ ]    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

    [ ]    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

    [ ]    V.     150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    Not Applicable

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                                    YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]    NO [X]

7.  Do **all** of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                                    YES [X]    NO [ ]

    A.    If yes, in which division do **all** of the non-governmental parties reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [X]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies,  residing in Massachusetts reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                                                    YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Nancy Frankel Pelletier, Esq., Robinson Donovan, P.C.

ADDRESS  1500 Main Street, Suite 1600, Springfield, MA 01115

TELEPHONE NO.  (413) 732-2301

A True Copy                                                    (coversheetlocal.wpd - 10/17/02)

Attest: _Deborah S. Stapelus_

                                                    Clerk



**ROBINSON**

**DONOVAN**

**ATTORNEYS AT LAW**

Nancy Frankel Pelletier, Esq.

(413) 732-2301 ext. 142
npelletier@robinson-donovan.com

April 16, 2004

Clerk of the Civil Courts
Berkshire Superior Court
Court House Building
76 East Street
Pittsfield, MA 01201

     RE:  Michael A. Deep v. City of North Adams, et. al.
           Civil Action No.: CA-04-30077-KPN

Dear Sir/Madam:

     Enclosed herewith for filing in connection with the above-captioned matter, please find the certified copy of the Notice of Filing of Notice of Removal with the United States District Court. Thank you for your attention to this matter.

     Should you have any questions, please do not hesitate to call.

                  Sincerely,

                  Nancy Frankel Pelletier

NFP:stk
Enclosures
9999/9999

**A True Copy**

Attest: _____ Clerk

361522

ROBINSON DONOVAN, P.C.
MAIN OFFICE: 1500 Main Street, Suite 1600 · Post Office Box 15609 · Springfield, MA 01115-5609 · 413-732-2301 · Fax: 413-785-4653
Northampton Office: 16 Armory Street · Northampton, MA 01060 · 413-587-9853
www.robinson-donovan.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. *04-30077-KPN)*

MICHAEL A. DEEP,                                          )
    Plaintiff                                            )
                                                              )
vs.                                                           )
                                                              )
CITY OF NORTH ADAMS, JOHN BARRETT,      )
MAYOR, NORTH ADAMS PLANNING             )
BOARD, MICHAEL LEARY, PAUL HOPKINS,     )
WILLIAM SCHRADE, JOSEPH GNIADEK,        )
PAUL SENECAL, DAVID BABCOCK, EDNA       )
RUDNICK, KYLE HANLON and WAYNE          )
WILKINSON as Members of the NORTH ADAMS )
PLANNING BOARD, and KATHERINE EADE,     )
ADMINISTRATIVE OFFICER of the CITY        )
OF NORTH ADAMS,                               )
    Defendants                                          )

I HEREBY ATTEST AND CERTIFY ON 4/6/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

THE COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT

APR 2 0 2004

F
I
L
E
D

### NOTICE OF REMOVAL

Defendants in the above titled action, by their undersigned attorney, and pursuant to 28

U.S.C. 1441, *et seq.*, state as follows:

1.  Defendants exercise their rights under the provisions of 28 U.S.C. §1441, *et seq.*, to

remove this action from the Berkshire Superior Court Department of the Trial Court,

Commonwealth of Massachusetts, Berkshire County, in which this case is now pending under

the name and style:  Michael D. Deep vs. City of North Adams, John Barrett, Mayor, North

Adams Planning Board, Michael Leary, Paul Hopkins, William Schrade, Joseph Gniadek, Paul

Senecal, David Babcock, Edna Rudnick, Kyle Hanlon and Wayne Wilkinson as Members of the

North Adams Planning Board, and Katherine Eade, Administrative Officer of the City of North

Adams, Civil Action No. 2004-00084.

361428

2.  This is an action in which the Superior Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. §1331.

3.  Specifically, plaintiff alleges a violation of his First, Fourth, Fifth, Eighth and Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983.

4.  This action was filed on or about March 29, 2004. Summons dated April 1, 2004, and the complaint was served on the defendants on or about April 15, 2004. In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal is filed within 30 days after the service of the summons and complaint upon the defendants.

5.  Pursuant to 28 U.S.C. §1446, the defendants are filing contemporaneously with this Notice of Removal copies of the following served upon it in this action (attached hereto):

   (a) Summons dated April 1, 2004;

   (b) Complaint.

6.  Based on the foregoing, the defendants respectfully request that this action be removed from the Superior Court, Department of the Trial Court of Massachusetts, Commonwealth of Massachusetts, Berkshire Division, to the United States District Court for the District of Massachusetts, Western Division, the District where the action is pending.

7.  Written notice of the filing of this Notice will be given to adverse parties.

8.  A copy of this petition will be filed with the clerk of the Superior Court Department, Berkshire Division.

WHEREFORE, the defendants respectfully request that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket

361428

of this Court for further proceedings, as though this action had originally been instituted in this Court.

THE DEFENDANTS

By _____

Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402

### CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 16th day of April, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Fred T. Thompson, Esq., 66 Summer Street, P.O. Box 1071, North Adams, MA 01247.

Subscribed under the penalties of perjury.

_____
Nancy Frankel Pelletier, Esq.

**A True Copy**

Attest: _____
                    **Clerk**

361428