# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. .. ..

Michael A. Deep ............................................................................., Plaintiff(s)

City of North Adams; John Barrett, Mayor; North ADams Planning Board
Michael Leary; Paul Hopkins; William Schrade; Joseph Gniadek; Paul Senecal
David Babcock; Edna Rudnick; Kyle Hanlon; & Wayne Wilkinson as Members of
the North ADams Planning Board; and Katherine Eade, ......., Defendant(s)
Administrative Officer of the CIty of North Adams.

## SUMMONS

To the above-named Defendant:   North Adams Planning Board

You are hereby summoned and required to serve upon ........ Fred T. Thompson ................,

plaintiff's attorney, whose address is ..... 66 Summer Street, North Adams, MA 01247 ...................

......................................................................................................................................................, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness, ROBERT L. STEADMAN    , Esquire at Pittsfield, the    1st    ........................ day
of April .................., in the year of our Lord ~~one thousand nine hundred and~~ two...thousand...four

/s/ Deborah S. Capeless
CLERK.

*NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.*

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 2 - 8-78 - 2500

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................, 19....., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

................................................................................................................................

................................................................................................................................

................................................................................................................................

Dated: ..........................., 19.......

**N.B. TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

[ ........................., 19..... ]

COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, ss.
SUPERIOR COURT
CIVIL ACTION
No. ...................

Michael A. Deep ........................., Plff(s)

v.

City of North Adams; John Barrett, Mayor; North Adams Planning Board; Michael Leary; Paul Hopkins; William Schrade; Joseph Gniadek; Paul Senecal; David Babcock; Edna Rudnick; Kyle Hanlon; & Wayne Wilkinson as members of the ..........., Deft(s); North Adams Planning Board; and Katherine Eade, Administrative Officer of the City of North Adams

SUMMONS
(Mass. R. Civ. P. 4)

4

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

BERKSHIRE, ss.                                SUPERIOR COURT DEPARTMENT
                                              PITTSFIELD DIVISION
                                              Docket No.

---

MICHAEL A. DEEP,
                    Plaintiff,

   v.                                         VERIFIED COMPLAINT

CITY OF NORTH ADAMS; JOHN BARRETT,
MAYOR; NORTH ADAMS PLANNING
BOARD; MICHAEL LEARY,
PAUL HOPKINS, WILLIAM SCHRADE,
JOSEPH GNIADEK, PAUL SENECAL,
DAVID BABCOCK, EDNA RUDNICK,
KYLE HANLON and WAYNE WILKINSON as
Members of the NORTH ADAMS PLANNING
BOARD, and KATHERINE EADE, ADMINISTRATIVE
OFFICER of the CITY OF NORTH ADAMS,
                    Defendants.

---

### Jurisdiction

This action is brought pursuant to M.G.L. Chapter 231A section 1, et. seq. and M.G.L. 40A section 17.

### Parties

1. The Plaintiff Michael Deep ("Deep") is an individual natural person with an address of 1 Post Office Square, North Adams, MA 01247.

2. The Defendant City of North Adams ("North Adams") is a public employer and municipal corporation pursuant to M.G.L chapter 258, and having a principal place of

business at City Hall, North Adams, MA 01247.

3. Michael Leary ("Leary"), Paul Hopkins ("Hopkins"), William Schrade ("Schrade"), Joseph Gniadek ("Gniadek"), Paul Senecal ("Senecal"), David Babcock ("Babcock"), Edna Rudnick ("Rudnick"), Kyle Hanlon ("Hanlon") and Wayne Wilkinson ("Wilkinson") are all individuals who, at all times relevant hereto were the members of the City of North Adams Planning Board, having an address and place of business at City Hall, North Adams, MA 01247.

4. Katherine Eade ("Eade") is an individual who, at the times relevant hereto, was Administrative Officer for the City of North Adams, and having an address and place of business at City Hall, North Adams, MA 01247.

## Facts

5. Deep is the owner in fee of lots numbered 148, 149 and 150 as recorded in the Northern Berkshire Registry of Deeds in Book 699, Page 511, having purchased the property in 1980.

6. In 1982, Deep sold a portion of the property fronting on Chantilly Avenue in North Adams, retaining a building lot fronting on Bonair Avenue for future development ("Bonair Avenue Lot").

7. Deep met with North Adams Building Inspector Vincent Lively ("Lively") on May 15, 2003, to learn the requirements for obtaining a building permit. The Building Inspector requested plans of the proposed home.

8. On May 19, 2003, Deep gave Lively a copy of the plans for the home. Lively informed Deep that he would require a stamp and approval letter by a licensed Massachusetts

6

State Registered Professional Engineer prior to the issuance of a building permit.

9. On May 26, 2003, Lively informed Deep that he would also have to satisfy the requirements of Leo Senecal, Road Crew Foreman for North Adams. ("Senecal") and build an extension of Bonair Avenue seventy five feet (75') long and, further, would require a Conservation Commission determination as to whether the site was a wetland.

10. On June 4, 2003, Deep met with Laura Cece and Paul Gigliotti of the North Adams Conservation Commission at the site. Mr. Gigliotti ruled that although the site has an intermittent stream nearby, no meeting of the Commission would be required for building on the site.

11. Also on June 4, 2003, Lively went to inspect the actual home to be placed on the site.

12. On June 5, 2003, Deep provided Lively with a letter from SK Design Group, Inc., a licensed Massachusetts State Registered Professional Engineer certifying compliance with the state building codes, as previously requested.

13. On June 9, 2003, Lively requested a further letter from SK Design Group, Inc. along with a site plan and a foundation plan.

14. On June 13, 2003, Deep met with Senecal to view the site. Senecal stated he required details from Deep's engineer regarding specifics of the gravel roadbed, that it must meet all North Adams requirements and standards and must be a seventy five foot (75') extension of Bonair Avenue.

15. Deep provided the foregoing information to Senecal. On June 27, 2003, Senecal referred Deep to the Administrative Officer Katherine Eade.

16. It was at this time, on June 27, 2003, that Deep was informed that this was a

7

matter for the Planning Board, a piece of information not previously provided to Deep by any official or agent of North Adams.

17. Deep met with Eade on July 1, 2003, at this time she represented to Deep that compliance with the requirements previously recited by the Building Inspector and the Road Crew Foreman would lead to issuance of a building permit after hearing before the Planning Board of North Adams. Eade indicated she would "get back" to Deep.

18. On July 2, 2003, Deep provided Lively with the foundation plan he requested, designed for the Bonair Avenue Lot and drawn by Superior Walls of the Hudson Valley, Inc.

19. On July 8, 2003, a telephone call from Deep to Eade resulted in a response from Eade to "stop bothering her".

20. On July 10, 2003, Lively informed Deep that no building permit would issue as the Mayor did not want homes built on the Bonair Avenue Lot. Lively did specify that Deep could build if he built a new road of over one thousand feet (1,000').

21. On July 14, 2003, Eade informed Deep that she was obtaining an opinion from the City Solicitor as to the legality of building on the Bonair Avenue Lot and promising a response.

22. Repeated phone calls and contacts with Eade and the City Solicitor between July 14, 2003, and August 11, 2003, resulted in no further information or response from the City of North Adams.

23. On August 8, 2003, Deep sent out a building permit application for the Bonair Avenue Lot, submitting it to North Adams with payment of $378.00 by his check numbered 652. Said application is attached hereto and made a part hereof as Exhibit A.

24. On September 8, 2003, Deep appeared before the City of North Adams Planning

Board on case number SPPPA2003-22 special permit requested pursuant to a section 3D Site Plan Approval and subdivision control laws to construct a single family house on an unobstructed public way. The Planning Board meeting was postponed by the City to October 6, 2003, alleging Deep's application was incomplete, although it contained everything previously requested.

25. On October 6, 2003, the North Adams Planning Board again postponed the hearing, this time to November 3, 2003. The Planning Board represented that it needed an opinion as to who owned the "land constituting frontage on Bonair Avenue". An opinion was requested *from Deep's attorney* as to whether the City could issue a building permit. Eade made the representations to the Planning Board regarding frontage and ownership. Eade also stated that no action could be taken by the Board until *she* had an opinion from the city solicitor.

26. On October 7, 2003, Deep spoke with Eade and was informed that no person had ever had to prove that the City owned a street to the best of her knowledge, but that was going to be the requirement of obtaining a building permit in this case.

27. On October 23, 2003, Deep's attorney wrote an opinion, attached hereto and made a part hereof as Exhibit B, stating that the City of North Adams owns Bonair Avenue and has authority to grant a building permit.

28. On November 3, 2003, the Planning Board opened a hearing on Deep's application. Having complied with all requirements, and based on Eade's representations, Deep expected formal approval. Instead, Eade stated that an additional title search was required and that she still required the city solicitor's opinion. Deep withdrew his application without prejudice.

9

29. On January 5, 2004, Deep delivered to Eade a title search completed by another experienced title examiner, contracted and paid for by Deep. Deep requested a hearing at the next scheduled meeting of the Planning Board on January 12, 2003.

30. On January 22, 2004, not having been placed on the January agenda, Deep was informed that he could not be placed on the February Agenda as Eade was still waiting for the city solicitor's opinion.

31. On January 24, 2004, Deep delivered to the Clerk of the City of North Adams and to Eade an eighty-eight page special permit application for site plan approval, which included all previously requested documents and materials. Said application is attached hereto and made a part hereof as Exhibit C.

32. Eade then requested a *professionally designed* site plan showing the distance of the home from each abutter. Eade represented to Deep that this was a final requirement.

33. Deep submitted a *professionally designed* site plan showing the requested information to Eade on February 9, 2004. This document is included in Exhibit C above.

34. On March 8, 2004, the date set for hearing, Deep spoke to Eade and asked if anything further was going to be needed. Eade represented that she had no idea how the Planning Board felt. It later appeared that she had already created a written decision to deny the application.

35. On that same date, March 8, 2004, Deep appeared for a new Planning Board hearing, this time as case number SP2004-04.

36. North Adams' Public Notice of this matter read as follows: "Special permit requested pursuant to section 10 Site Plan Approval and the Subdivision Control Law to construct a single-family house on an *unconstructed public way*." (Emphasis added)

10

37. At the hearing of this date, the title search and supporting documentation was not referred to by the Planning Board, nor was there any submission or opinion from the city solicitor. Eade stated she was still waiting for said opinion.

38. Section 3D.1 Site Plan Approval Appendix Zoning Ordinance of the Code of the City of North Adams reads "*Purpose.* For the purpose of assuring proper drainage, safety, administering provisions of this ordinance in regard to parking and loading areas, signs, screening and to assure adequate consideration for abutting land owners and to assure sensitive and appropriate treatment of historic properties and areas, a site plan shall be submitted for the following: (a) All new construction, except for single- or two-family homes." [Emphasis added].

39. The City of North Adams Planning Board denied Deep's application and created Findings, which were filed on March 12, 2004. Said Findings are attached hereto and made a part hereof as Exhibit D.

40. Finding #1 did not address the fact that Deep was ordered to construct a 75-foot roadway as an extension of Bonair Avenue in writing by Senecal, Road Crew Superintendent and as required by the Building Inspector, Lively.

41. This roadway extension requirement was not applied to two other so-called "interior lot" applications, to wit: a Mr. David Emery of 80 Bryant Ave., or Mr. Peter Rubare of 300 Versailles Avenue.

42. The denial of Deep's application is contrary to Defendant's past policy on extending streets and, in effect, has created a *new* restriction against extending city streets.

43. Finding #2 is incorrect in light of the fact that Bonair Avenue lot is part of a subdivision created and a plan filed with the Northern Berkshire Registry of Deeds and the

11

city of North Adams since 1904.

44. Finding #3 is erroneous in that there is frontage on a public way, a fact the City required Deep to prove several times over. This case was, and should have remained, a simple matter of a building permit.

45. Findings #4 and #5 are arbitrary, capricious and completely unsupported by any evidence. Deep would be required, in receiving a building permit, to follow all zoning ordinances, regulations and building specifications generally mandated by the City Building Code and the Building Inspector.

## COUNT ONE

(Declaratory Judgment and Injunctive Relief)

46. The Plaintiff realleges and incorporates paragraphs 1-44 herein as if more fully set forth.

47. North Adams has acted so arbitrarily and capriciously as to shock the conscience of ordinary people and this Court in its decision making process.

48. North Adams, and its agents individually and collectively, have acted in bad faith and with intent to injure Plaintiff.

49. Deep has more than satisfied the ordinary requirements for obtaining a single family building permit.

WHEREFORE, Plaintiff, Michael A. Deep, demands that this Court enter a Declaratory Judgment that a building permit should issue to Michael A. Deep for a single family home on the subject property. Further, Plaintiff demands that a permanent injunction be issued enjoining the City of North Adams from obstructing or further preventing Deep

12

from developing his property.

### COUNT TWO

(Equal Protection and Due Process Violations)

50. The Plaintiff realleges and incorporates paragraphs 1-47 herein as if more fully set forth.

51. The City of North Adams, its Planning Board, the individual members and the Administrative Officer of the City have treated Deep in a significantly different manner than others who have come before them seeking such permits.

52. There is no rational basis for requiring Deep to conform to vastly different standards or to withhold a building permit.

53. There is a lengthy and substantial history of malice and bad will by the Mayor of the City of North Adams, to whom Eade is directly responsible, and his/its agents and employees toward Deep. In this case North Adams and its agents, individually and collectively, have acted with malice and bad faith in all the matters alleged herein

54. No legitimate interest of the City of North Adams is served by the differing treatment accorded Deep.

WHEREFORE, Plaintiff, Michael A. Deep requests that this Court find that his state and federal constitutional rights to equal protection and substantive and procedural due process pursuant to Amendment Four and Fourteen of the United States Constitution and Articles 1, 10, 12 and 14 of Part I of the Massachusetts Declaration of Rights have been violated and that a building permit issue to Deep forthwith. In addition, Deep requests that this Court award him attorney's fees and costs and any other relief it deems just and proper.

13

## COUNT THREE

(Violation of Civil Rights M.G.L. c. 12, sec. 11H, 11I)

55. The Plaintiff realleges and incorporates paragraphs 1-53 herein as if more fully set forth.

56. The Defendants, individually and collectively have deprived Plaintiff of his right to enjoy, use and develop his property.

57. The Defendants have accomplished such deprivation by their arbitrary and capricious decision making, and have taken their actions in bad faith.

58. The Defendants used economic coercion to attempt to deprive the Plaintiff of his right to use, enjoy and develop his property by "piling on" costly requirements not mandated by their previous procedures, regulations or requirements in other planning board or building permit matters.

WHEREFORE, Plaintiff demands damages in an amount to be determined, attorney's fees and costs and whatever further relief this Court deems just and proper.

## COUNT FOUR

(Violation of civil rights 19 U.S.C. sec. 1983)

59. The Plaintiff realleges and incorporates paragraphs 1-57 herein as if more fully set forth.

60. The Defendants have, in their official and collective capacity, acted in bad faith and arbitrarily and capriciously in depriving Plaintiff of the use and enjoyment of his property without due process of law and in violation of his right to equal protection of the laws of the United States and the Commonwealth of Massachusetts.

14

61. The Defendants have, in their official and collective capacity, deprived Plaintiff of the proceeds of developing his property with due process of law and in violation of his right to equal protection of the laws of the United States and the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff demands damages in an amount to be determined, attorney's fees and costs and whatever further relief this Court deems just and proper.

Respectfully submitted.

Michael A. Deep, Plaintiff

By: _____
His attorney
Fred T. Thompson, Esquire
66 Summer Street
P.O. Box 1071
North Adams, MA 01247
(413) 664-9002
BBO # 496680

Dated: 3/29/2004

### VERIFICATION

Michael A. Deep, being duly sworn, says that he is the Plaintiff in the above action; that he as read the foregoing Verified Complaint and knows the contents thereof; that he is acquainted with the facts alleged in the Verified Complaint and that the same is true to his own knowledge except as to those matters therein alleged on information and belief; and as to those matters he believes them to be true.

_____
Michael A. Deep

A True Copy
Attest: _____
                Clerk