UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                             )
      Plaintiff(s),          )
                             )
         v.                  )  CIVIL ACTION NO. 04-30077-KPN
                             )
                             )
      Defendant(s),          )
```

## NOTIFICATION

This case has been assigned to Magistrate Judge Kenneth P. Neiman for all purposes. This form must be executed and returned to the Clerk of Court, Springfield, Mass. within twenty (20) days of receipt. Please read the reverse side for further information.

### CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE

In accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure, the undersigned counsel of record consents to have Magistrate Judge Kenneth P. Neiman conduct all further proceedings in this case, including bench or jury trial, and order the entry of final judgment, with direct review by the First Circuit Court of Appeals if an appeal is filed.

Signed and dated this __28__ day of __JUNE__, __2004__

_____
Attorney for MICHAEL DEEP

_____
Attorney for Defendants

MAGISTRATE JUDGES DO NOT CONDUCT TRIALS IN FELONY CASES. ACCORDINGLY, MAJOR CRIMINAL CASES WILL NOT INTERFERE WITH SCHEDULING AND TRIALS BEFORE MAGISTRATE JUDGES. IN ALL LIKELIHOOD, THEREFORE, A CONSENT WILL MEAN THAT THIS CIVIL CASE WILL BE RESOLVED SOONER AND MORE INEXPENSIVELY.

### REFUSAL TO CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE

In the event you are unwilling to consent, sign below.

Signed and dated this _____ day of _____, 19___.

_____
Attorney for

_____
Attorney for

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

STANDING ORDER

February 12, 2002

It is hereby ORDERED that, on February 12, 2002, a system of automatic assignment of civil cases to Magistrate Judge Kenneth P. Neiman will commence at the United States District Court in Springfield, Massachusetts. Beginning on that day, the supervising deputy at Springfield shall randomly assign one-fourth of the civil cases filed to the magistrate judge through the automated case assignment system. Exceptions to this rule will be bankruptcy appeals, cases filed pursuant to 28 U.S.C. § 2255 and cases seeking an immediate Temporary Restraining Order.

Notification to counsel, or to a party appearing pro se, of the random assignment of a case to the magistrate judge shall include a two-part form, on the reverse of this Order, to be executed and returned to the clerk's office by the attorney or party within twenty days of receipt. In this form the attorney or party shall either indicate consent to final referral of the case to the magistrate judge for all purposes including jury or non-jury trial, or indicate that consent to the referral to the magistrate judge will be refused. In the latter event, the case will be randomly re-assigned to a district court judge, and another case will be randomly assigned to the magistrate judge as a replacement through the automated case assignment system. Plaintiff's counsel will provide a copy of this Order and the two-part form to each defendant along with a copy of the complaint.

While consent to referral of the case to the magistrate judge is entirely voluntary, and no adverse consequences of any kind will redound to an attorney or party refusing to consent, submission of the executed form, memorializing consent or refusal to consent to final referral to the magistrate judge, by an attorney or party within twenty days of receipt is mandatory.

Upon the initial assignment of a civil case to the magistrate judge, he will forthwith exercise all authority provided for by 28 U.S.C. § 636(b). Moreover, if the pre-trial scheduling conference, pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1, occurs prior to the return of the consent form by all parties, but without any indication that any party has refused consent, this pre-trial scheduling conference will be conducted by the magistrate judge, as the presumptive trial judge. Upon confirmation of consent by all parties, the magistrate judge will thereafter exercise all the authority provided for in 28 U.S.C. § 636(c). If consent is refused, the magistrate judge will continue to exercise duties pursuant to 28 U.S.C. § 636(b), including rulings on all non-dispositive pretrial and discovery matters and proposed findings and recommendations on dispositive motions in accordance with Fed. R. Civ. P. 72(a) and (b).

Date: Feb. 12, 2002

_____
Michael A. Ponsor
U. S. District Judge